# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **KEJUANDRE JOHNSON,** | ) | |
|     ID # 0900680, | ) | |
|         Petitioner, | ) | |
| vs. | ) | No. 3:17-CV-2268-G  (BH) |
| | ) | |
| **LORIE DAVIS, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
|         Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

## I.  BACKGROUND

Kejuandre Johnson (Petitioner), an inmate currently incarcerated in the Tarrant County Jail, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  The respondent is Lorie Davis, Director of TDCJ-CID.

Petitioner was convicted of solicitation of a minor with intent to commit aggravated sexual assault of a child in Cause No. F11–34751 in Criminal District Court No. 2 of Dallas County, Texas, on December 8, 2011, and he was sentenced to five years of deferred adjudication probation.  *See* www.dallascounty.org (search for petitioner).  He did not appeal.  *See* www.txcourts.gov (search for petitioner).  On April 26, 2012, his probation was revoked, and he was adjudicated guilty and sentenced to two years' imprisonment.  *See* www.dallascounty.org (search for petitioner).  He did not appeal or file a state habeas corpus application.  (*See* doc. 6 at 3); *see also* www.txcourts.gov (search for petitioner).

Petitioner's federal habeas petition, received on August 25, 2017, states that it was placed in the prison mail on August 19, 2017.  (*See* doc. 3 at 12.)  He filed an amended petition that claims that he was misrepresented by counsel when he pled guilty and was convicted, and that he was falsely accused.  (*See* doc. 6 at 6.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).

**A.	Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

The facts supporting Petitioner's claims either became known or could have become known prior to the date his judgment became final.[1] The Fifth Circuit has held that a judgment of deferred adjudication probation is a final judgment for purposes of AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005). Petitioner's claims relate to guilt, so the limitations period began to run when the judgment imposing deferred adjudication probation became final. *See id.* Because Petitioner did not appeal the trial court's December 8, 2011 judgment of probation, it became final thirty days later, on January 7, 2012. *See* Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). That day was a Saturday, so the last day to file a petition for discretionary review was Monday, January 9, 2012. *See* Tex. R. App. P. 4.1. The one-year limitations period ended on January 9, 2013. Petitioner filed his initial § 2254 petition on August 18, 2017, the date that it was mailed.[2] A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely.

**B.    Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file a state habeas application, so the limitations period was not tolled.

---

[1] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

3

## C. Equitable Tolling

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the

4

statute of limitations.

## III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED** on this 2nd day of October, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE